Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered March 7, 2017. The order, insofar as appealed from, denied the motion of respondent Lundquist 1996 Living Trust to vacate a default judgment of foreclosure against it.
 

 It is hereby ordered that the order insofar as appealed from is unanimously reversed in the exercise of discretion without costs, the motion is granted and the default judgment of foreclosure is vacated against respondent Lundquist 1996 Living Trust.
 

 Memorandum: In this proceeding pursuant to RPTL article 11, respondent Lundquist 1996 Living Trust (Trust) appeals from an order denying its motion pursuant to RPTL 1131 to vacate the default judgment of foreclosure. We conclude that Supreme Court erred in failing to recognize its inherent authority to vacate the default judgment “ ‘for sufficient reason and in the interests of substantial justice’ ” (Matter of County of Ontario [Middlebrook], 59 AD3d 1065, 1065 [4th Dept 2009], quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Matter of County of Genesee [Spicola], 125 AD3d 1477, 1477 [4th Dept 2015], lv denied 25 NY3d 904 [2015]; Matter of County of Genesee [Butlak], 124 AD3d 1330, 1331 [4th Dept 2015], lv denied 25 NY3d 904 [2015]).
 

 Here, as in Middlebrook (59 AD3d at 1065), we further conclude that the court improvidently exercised its discretion in denying the Trust’s motion. The record establishes that an office manager transposed the due date for payment from January 13 to January 31 and that the Trust attempted to make payment on January 25, i.e., within the deadline communicated to it by its office manager. Moreover, the Trust established its “ability to pay the taxes after the redemption period had ended and the lack of any prejudice to petitioner” (Butlak, 124 AD3d at 1331; see Spicola, 125 AD3d at 1477). Considering the facts and circumstances of this case, we conclude that “the entry of a default judgment based on the failure to pay [the taxes] would result in a disproportionately harsh result” and that “ ‘this is an appropriate case in which to exercise our broad equity power to vacate [the] default judgment’ ” against the Trust (Middlebrook, 59 AD3d at 1065).
 

 Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.