Matter of County of Ontario v Messervey (2022 NY Slip Op 06611)

Matter of County of Ontario v Messervey

2022 NY Slip Op 06611

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

884 CA 22-00147

[*1]OF THE REAL PROPERTY TAX LAW BY THE COUNTY OF ONTARIO, PETITIONER-APPELLANT,
v
JOHN MESSERVEY, RESPONDENT-RESPONDENT. 

JASON S. DIPONZIO, ROCHESTER, FOR PETITIONER-APPELLANT.
WHITCOMB LAW FIRM, P.C., CANANDAIGUA (DAVID J. WHITCOMB OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Ontario County (Charles A. Schiano, Jr., J.), entered July 16, 2021. The order, among other things, granted the motion of respondent to vacate a default judgment of foreclosure. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this in rem tax foreclosure proceeding pursuant to RPTL article 11, petitioner appeals from an order that, following a hearing, granted the motion of respondent by, among other things, vacating the default judgment of foreclosure against respondent's residential property. Contrary to petitioner's contention, we conclude that Supreme Court did not abuse its discretion in vacating the default judgment of foreclosure "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Matter of County of Genesee [Butlak], 124 AD3d 1330, 1331 [4th Dept 2015], lv denied 25 NY3d 904 [2015]; see also Matter of County of Ontario [Lundquist 1996 Living Trust], 155 AD3d 1567, 1567-1568 [4th Dept 2017], lv denied 30 NY3d 912 [2018]; Matter of County of Ontario [Middlebrook], 59 AD3d 1065, 1065 [4th Dept 2009]). We have considered petitioner's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court